IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD HUNT,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant. | 8:18CV55<br><br>MEMORANDUM AND ORDER |

This matter is before the Court pursuant to the motion for summary judgment under Fed. R. Civ. P. 56, Filing No. 20, filed by the defendant. Plaintiff sued his former employer, Union Pacific, under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 alleging that occupational exposures caused his cancer, in particular chronic lymphocytic leukemia ("CLL") and Hodgkin's lymphoma. Plaintiff allegedly waited six years after his cancer diagnosis to file this lawsuit. Defendant contends the statute of limitations has run.

**SUMMARY JUDGMENT STANDARD**

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Foster v. BNSF Ry. Co., 866 F.3d 962, 966 (8th Cir.2017) (quoting Fed. R. Civ. P. 56(a)). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are

1

designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

"The movant bears the initial responsibility of informing the district court of the basis for its motion, 'and must identify those portions of the record] . . . which it believes demonstrate the absence of a genuine issue of material fact."' *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 20ll) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant meets the initial burden, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial."' *Torgerson*, 643 F.3d at 1042 (quoting *Celotex*, 477 U.S. at 324). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial."' *Torgerson*, 643 F.3d at 1042 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Barber v. CI Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

**DISCUSSION**

The statute of limitations for Hunt's FELA claim is three years. *White v. Union Pacific R.R.*, 867 F.3d 997, 1001 (8th Cir. 2017) (citing 45 U.S.C. § 56). In cases involving latent injuries, such as cancer, "the cause of action does not accrue until the employee is aware or should be aware of his condition." *Id.* "[T]he employee must also know—or have reason to know—the condition's cause." *Id.* The inquiry becomes "when the plaintiff

knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause." *Id.*

Defendant contends that plaintiff knew of his cancer diagnosis more than three years prior to filing the lawsuit, as he was diagnosed in February 2011 and he filed on July 10, 2017. Further, plaintiff admitted he believed his employment with defendant may have contributed to his cancer. Hunt Dep., Ex. 1, at 103:10-22.

Plaintiff argues that defendant cannot show that his claim falls outside of the three-year statute of limitations, as that is a question of fact to be determined by a jury. First, plaintiff denies that he believed the exhaust could cause cancer. When asked in his deposition if he believed the diesel exhaust could cause cancer, plaintiff stated, "I never thought about it. It wasn't in my thinking at all." Filing No. 21, (Hunt Dep., Ex. 1, at 93:23-94:2.). However, plaintiff testified that:

> Q. So is it fair to say that during your career, you accumulated knowledge that you may have been exposed to chemicals, and exhaust, and dust that could be harmful to your health?
>
> A. Yeah.

(Hunt Dep., Ex. 1, at 108:17-21.) Plaintiff likewise testified that:

> Q. So is it fair to say, from the date of diagnosis, that you kind of thought that the Railroad was a potential cause of your cancer?
>
> A. At some point, yeah. I, you know, put two and two together.
>
> Q. How long after your diagnosis did you put those two points together?
>
> A. How long after my diagnosis? Oh, I'm not certain.

3

(Hunt Dep., Ex.1, at 103:18-25)

Plaintiff admits that he knew of his CLL diagnosis more than three years prior to this lawsuit. However, such a diagnosis, he argues, does not cause the action to accrue. He testified that his initial doctor, Dr. Coburn, did not make a big deal out of the CLL diagnosis. Dr. Coburn told the plaintiff to keep enjoying what he was doing and did not give him any reason to think anything else would happen. Plaintiff states that belief continued until 2014 when he got the Hodgkin's diagnosis.

In his deposition, plaintiff in this case stated that he "pretty much always" suspected his cancer was caused by his occupational exposure. Hunt did admit that he was aware of the California Proposition 65 stickers[1] which claimed that diesel exhaust may cause cancer. Hunt Dep., Ex. 1, at 96:22-97:4. Plaintiff also testified that he was diagnosed with Hodgkin's lymphoma around July of 2014, and prior to that time, he had no reason to worry about causation. Hunt Dep., Ex.1, at 103:10-22:4-204:8. This, argues plaintiff, was within the three-year statute of limitations.

"To prevail on its Motion for Partial Summary Judgment, Defendant must demonstrate that Plaintiff (1) knew of his injury, and (2) knew of the cause of his injury"). St. George v. BNSF Ry. Co., 60 F. Supp. 3d 1016, 1025 (D. Minn. 2014). However, plaintiff did agree that the biopsy used to diagnose him stated that his CLL cells was mixed with HRS cells which are consistent with classic Hodgkin's lymphoma. Hunt Dep., Ex.1, at 201:4-204:8.

In the *Smith* case, a former BNSF employee was diagnosed with bladder cancer.

---

[1] Plaintiff admitted he was aware of stickers he placed on locomotives and that his co-workers informed him that silica sand could be harmful to his health. *See* Ex. 25-1. According to the date on the sticker, it was placed on the locomotives on July 10, 1998).

Plaintiff did not file suit within the three-year limitation period.  *Smith v. BNSF Rwy. Co.*, No. 4:17-cv-3062, 2018 WL 6529503 (D. Neb. Oct. 16, 2018) (granting summary judgment on statute of limitations grounds in a FELA toxic tort case).  Plaintiff filed suit after seeing a cancer commercial on television.  Although plaintiff might not have had actual knowledge that his bladder cancer was caused by his employment with the railroad, the court determined that plaintiff knew of the occupational hazards of working for BNSF and held the claim time-barred.  The Court stated that plaintiff "didn't learn any more about them between March 10, 2014 and today – so, there's no basis to find that his claim accrued under a 'discovery rule' any time after March 10, because he didn't discover anything."  *Id*. at *3.  The "bottom line is that Smith doesn't know anything now that he didn't know the day his cancer was diagnosed."  *Id*.  Thus, the court granted summary judgment in favor of the railroad, finding the statute had run.  Likewise, the Fifth Circuit has stated: "it [is] sufficient for purposes of commencement of the limitations period that the plaintiff knew his complained of condition was work related, and that it is not additionally necessary that he have been formally so advised by a physician."  *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1117 (5th Cir. 1983).

The Court finds there are no material facts in dispute in this case.  Like the plaintiff in *Smith*, Plaintiff knew he had CLL prior to the start of the three-year limitations period.  He was diagnosed.  The doctor's notes refer to Hodgkin's.  Plaintiff agrees he saw the sticker regarding diesel exhaust, and in fact he posted many of the stickers, and he knew this exposure could cause cancer.  He testified that he generally always believed that his employment exposures were the cause of his cancer.

Based on these facts and admissions, the Court finds there is no material fact as

to the statute of limitations issue. See White, 867 F.3d at 1001 (affirming the district court's judgment as a matter of law on the statute of limitations in FELA action). Further, plaintiff offers no evidence that he discovered anything else that would justify missing the deadline for filing, other than his CLL cancer became Hodgkin's. See Smith, 2018 WL 6529503 *3. Simply getting worse does not toll the statute of limitations. See, e.g., Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092, 1096 (7th Cir. 1990). As stated in Robinson, as a matter of law, a plaintiff is aware of his or her injury "once he or she has been apprised of [its] general nature." Robinson v. BNSF Ry., 553 F. App'x 792, 796–97 (10th Cir. 2014). His diagnosis of CLL, a type of cancer, occurred in February 2011. He learned of the nature of his illness at that time. As stated in Gustavson, "[l]ack of knowledge of the injury's permanence, extent, and ramifications does not toll the statute." Gustavson v. United States, 655 F.2d 1034, 1036 (10th Cir. 1981). Plaintiff waited six years after his cancer diagnosis to file his complaint. The combination of these factors causes the Court to find against the plaintiff and in favor of defendant's motion to dismiss.

THEREFORE, IT IS ORDRED THAT defendant's motion to dismiss, Filing No. 20, is granted. A separate judgment shall be entered in accordance with this Memorandum and Order.

Dated this 6th day of January, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge